**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Raymond Militante REBAYA,**
**Defendant–Appellant.**

**Nos. 09–50007, 09–50034.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed March 1, 2010.

David L. Katz, Esquire, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Kristi A. Hughes, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Raymond Militante Rebaya appeals in No. 09–50007 from the 48–month sentence imposed following his guilty-plea conviction for transportation of illegal aliens and aiding and abetting, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), and (v)(II), and in No. 09–50034 from the 18–month consecutive sentence imposed following revocation of supervised release. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

In No. 09–50007, Rebaya contends the district court procedurally erred by (1) imposing a sentence without properly explaining and considering all of the 18 U.S.C. § 3553(a) sentencing factors, and (2) failing to justify and explain why an above-guidelines sentence was necessary. The record belies this contention. *See United States v. Carty,* 520 F.3d 984, 991–93 (9th Cir.2008) (en banc); *see also id.* at 993 (appellate courts are to give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance).

In No. 09–50034, Rebaya contends the district court procedurally erred by failing to provide an explanation for the 18–month sentence imposed following the revocation of his supervised release. This contention fails because an adequate explanation may be inferred from the "record as a whole." *See id.* at 992.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.